[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE COUNTERCLAIM
This is a collection action for unpaid bills against the defendants, Ronald and Karen Miller, who are water service customers of Metropolitan District Commission ("Commission").
On March 2, 1991, the defendants filed a two count second amended counterclaim alleging that the billing practices of the Commission are an unfair and deceptive trade practice violating CUTPA, C.G.S. 42-110b, and that the defendants and other persons similarly situated have suffered an "ascertainable loss" as a result of the Commission's unfair billing practices and an actual monetary loss as a result of overbillings by the Commission.
On May 3, 1991, the Commission filed a motion to strike both counts of defendants' counterclaim on the basis that (1) both counts fail to state a claim upon which relief can be granted in that they rely solely on C.G.S. 42-110g (CUTPA) in regard to an alleged "ascertainable loss" and "monetary loss," CT Page 7761 respectively, and (2) the Commission is exempt from the provisions of CUTPA under C.G.S. 42-110c.
C.G.S. 42-110c states in pertinent part: "Exceptions (a) Nothing in this chapter [CUTPA] shall apply to: (1) Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state . . . ."
Plaintiff is a municipal corporation created for the purpose of regional planning for the layout, construction, maintenance, etc., of highways, sewers and water systems within the territorial limits of the established district. The Commission furnishes water service to residents in the Metropolitan District.
In creating the Commission, the State has supplanted the towns composing the district of their powers and duties with respect to the layout, construction, maintenance, etc., of highways, sewers and watercourses. (See, The Metropolitan District Charter and Ordinances, 1.1 (1976)). In this capacity, it is clear that the Commission acts as a local public agency.
"The history of the FTC Act is the lodestar for determining the scope of CUTPA." Connelly v. Housing Authority of New Haven, 213 Conn. 354, 363 (1990). In Connelly, the Connecticut Supreme Court reviewed the seventy-five year history of cases decided under the FTC Act and was "unable to discover any instance in which that act has been applied to any act or practice of a local public agency . . . ." Id. at 363-64; See also, Metcalfe v. Town of Ridgefield, 1 CTLR 553, 554 (April 27, 1990, Flynn, J.).
It is concluded that plaintiff qualified under the statutory exception and that CUTPA does not apply to the Metropolitan District Commission. Plaintiff's motion to strike counts one and two of the counterclaim is granted.
Wagner, J.